IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-5835 |
| | ) | |
| GARY SANDIEGO, and | ) | |
| G. SANDIEGO & ASSOCIATES LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, United States of America, at the request of a delegate of the Secretary of the Treasury

and at the direction of a delegate of the Attorney General, brings this action seeking an injunction

barring Gary Sandiego ("Sandiego") and G. Sandiego & Associates Ltd. (the "Company")

(collectively, "Defendants") from preparing federal tax returns, engaging in the business of preparing

federal tax returns, and employing any person acting as a federal tax return preparer. This action also

seeks an order, under 26 U.S.C. § 7402(a), requiring Defendants to disgorge to the United States the

gross receipts they have received for preparing federal tax returns making false or fraudulent claims.

In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

1.      Jurisdiction exists under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. ("Internal

Revenue Code" or "I.R.C.") §§ 7402, 7407, and 7408.

2.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b), as Sandiego resides in this

judicial district and the Company conducts business in this judicial district.

**The Defendants**

3.      Sandiego resides in Barrington, Illinois.

1

4.      The Company is incorporated under Illinois law.

5.      The Company primarily operates from 707 Lake Cook Road, Illinois.

6.      Sandiego is the sole owner of the Company.

7.      Through the Company, Sandiego prepares federal income tax returns for others.

8.      Sandiego charges tax preparation customers a fee of up to $300 per return.

9.      Since 2014, Sandiego has prepared over 12,000 federal income tax returns for individuals and businesses.

## Sandiego's Schemes

10.     Sandiego inflates itemized deductions reported on Schedule A in order to fraudulently reduce his customers' taxable income (the "Schedule A Scheme").

11.     Sandiego falsifies figures reported on Form 5695, Residential Energy Credits, in order to exploit the Residential Energy Efficient Property Credit and Nonbusiness Energy Property Credit (the "Energy Credit Scheme").

12.     Sandiego falsifies various figures reported on Form 8863, Education Credits, in order to exploit the American Opportunity Credit ("AOC") (the "AOC Scheme").

13.     Sandiego misrepresents his customers' filing statuses (the "Filing Status Scheme").

14.     Sandiego falsifies figures reported on Form 2441, Child and Dependent Care Expenses, in order to falsely claim child care expenses (the "Child Care Scheme").

15.     Sandiego falsifies figures reported on Schedule C, including fabricating business expenses and mischaracterizing wage income as income from conducting a trade or business (the "Schedule C Scheme").

## The IRS's Investigation

16.     The IRS assigned a Revenue Agent to investigate Sandiego's return preparation

practices.

17.     The Revenue Agent interviewed 44 of Sandiego's customers with respect to returns prepared by Sandiego for tax years 2016 through 2017.

18.     Of the 44 interviewed customers, 43 stated that Sandiego had reported incorrect and false information on their returns.

19.     The federal income tax returns of each interviewed customer underreported the customer's correct tax liability, due to Sandiego's use of one or more of the schemes described in paragraphs 10 through 15, above, as follows:

| Scheme | Number of Misrepresentations on the 44 Interviewed Customers' Federal Tax Returns |
|---|---|
| Schedule A Scheme | 33 |
| Energy Credit Scheme | 29 |
| AOC Scheme | 1 |
| Child Care Scheme | 3 |
| Schedule C Scheme | 2 |
| Filing Status | 2 |
| **Total Misrepresentations:** | 70 |

20.     The IRS contacted Sandiego as early as November 11, 2011, warning him that he had failed to comply with the regulations governing federal income tax return preparers.

21.     On February 20, 2012, the IRS assessed a $5,000 fine against Sandiego because he failed to comply with the regulations governing federal income tax return preparers.

22.     Despite these warnings and the fine, Sandiego continued his pattern of preparing returns using the schemes described in paragraphs 10 through 15, above.

23.     The fraudulent returns that Sandiego has prepared and filed have caused — and

continue to cause — substantial harm to the Government by falsely reducing his customers' reported tax liabilities, helping taxpayers avoid paying their fair share of tax or obtain refunds to which they were not entitled.

24.     The 44 customer interviews show a tax loss to the United States of $88,032.

25.     Because these 44 returns are only a small portion of the over 12,000 returns prepared by Sandiego, it is likely that the tax loss to the United States exceeds $88,032.

26.     The United States is also harmed because the IRS must devote some of its limited resources to investigating Sandiego's conduct as a tax return preparer, detecting and examining inaccurate and fraudulent returns filed by Sandiego, and attempting to assess against and collect from his customers unpaid taxes and penalties, some of which may not be collectible.

**COUNT I: Injunction under I.R.C. § 7407 for Violation of I.R.C. §§ 6694 and 6695 and for Deceptive or Fraudulent Conduct that Interferes with Internal Revenue Code Administration**

27.     The United States incorporates by reference the allegations in all preceding paragraphs as though fully set forth herein.

28.     Pursuant to I.R.C. § 7407, a court is authorized to enjoin a tax return preparer who, among other things, engages in conduct subject to penalty under I.R.C. § 6694 or I.R.C. § 6695, or who engages in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

29.     I.R.C. § 7701(a)(36) defines a "tax return preparer" as a person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return or a substantial portion thereof.

30.     Sandiego is a tax return preparer within the meaning of I.R.C. § 7701(a)(36).

31.     I.R.C. § 6694(a) penalizes a tax return preparer if: (1) the preparer prepared a return or claim for refund that included an understatement of liability due to a position for which there was not

a realistic possibility of being sustained on the merits; (2) the preparer knew (or reasonably should have known) of such position; and (3) the position was not properly disclosed or was frivolous.

32. I.R.C. § 6694(e) defines understatement of liability to include any understatement of tax due or "overstatement of the net amount creditable or refundable."

33. In violation of I.R.C. § 6694(a), Sandiego prepared returns for customers that understated his customers' tax liabilities and that he knew or should have known contained positions for which there was no substantial authority or for which there was no reasonable basis.

34. I.R.C. § 6694(b) penalizes a tax return preparer who prepares a return or claim with an understatement of liability: (1) in a willful attempt to understate the liability; or (2) with a reckless and intentional disregard of rules or regulations.

35. In violation of I.R.C. § 6694(b), Sandiego prepared tax returns for customers that he knew or reasonably should have known contained incorrect filing statuses, false itemized deductions, false business income and expenses, false education expenses, and false energy credits in order to understate his customers' tax liabilities.

36. In violation of I.R.C. § 6694(b), Sandiego recklessly or intentionally disregarded rules and/or regulations by manipulating his customers' filing statuses, business income and expenses, education expenses, energy credit claims, and itemized deductions in order to understate his customers' tax liabilities.

37. I.R.C. § 6695(g) penalizes a tax return preparer who fails to comply with due diligence requirements imposed by the Secretary of the Treasury with respect to determining eligibility for the AOC, or eligibility to file as a head of household.

38. In violation of I.R.C. § 6694(g), Sandiego repeatedly failed to exercise due diligence by filing tax returns claiming AOCs that reported figures he had reason to know were incorrect.

5

39.    In violation of I.R.C. § 6694(g), Sandiego repeatedly failed to exercise due diligence by filing tax returns claiming a head of household filing status that he had reason to know were incorrect.

40.    An injunction against Sandiego is necessary and appropriate to prevent the recurrence of Sandiego's conduct subject to penalty under I.R.C. §§ 6694 and 6695.

41.    Anything less than a permanent injunction and complete bar on the preparation of tax returns is unlikely to stop Sandiego from preparing fraudulent tax returns.

### COUNT II: Injunction under I.R.C. § 7408 for Violation of I.R.C. § 6701

42.    The United States incorporates by reference the allegations in paragraphs 1 through 41, above, as though fully set forth herein.

43.    Pursuant to I.R.C. § 7408, a court is authorized to issue an injunction if an income tax return preparer engages in conduct subject to penalty under I.R.C. § 6701.

44.    I.R.C. § 6701 penalizes any person who (1) aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim or other document; (2) knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws; and (3) knows that such portion (if so used) would result in an understatement of the liability for tax of another person.

45.    Sandiego has engaged in conduct subject to penalty under I.R.C. § 6701 by preparing and filing fraudulent tax returns on behalf of customers who obtained unwarranted refunds as a result.

46.    The schemes employed by Sandiego have caused—and continue to cause—substantial harm to the United States by fraudulently reducing customers' reported tax liabilities, inducing the IRS to issue fraudulent refunds, and obstructing the IRS's efforts to administer federal tax laws.

47.    The known tax loss to the United States caused by Sandiego's fraudulent conduct with respect to just the examined and reviewed income tax returns is at least $88,000. The total tax loss to

the United States caused by Sandiego is unknown, and is likely much higher.

48.     The United States also is harmed because the IRS must devote some of its limited resources to detecting and examining inaccurate returns filed by Sandiego, and to attempting to assess and collect unpaid taxes from their customers.

49.     An injunction against Sandiego is necessary and appropriate to prevent the recurrence of his conduct subject to penalty under I.R.C. § 6701.

**COUNT III: Injunction under I.R.C. § 7402(a) for Unlawful Interference with Enforcement of the Internal Revenue Laws and Appropriateness of Injunctive Relief**

50.     The United States incorporates by reference the allegations in paragraphs 1 through 49, above, as though fully set forth herein.

51.     Pursuant to I.R.C. § 7402(a), a court is authorized to issue orders of injunction as may be necessary or appropriate to enforce the internal revenue laws.

52.     I.R.C. § 7402(a) expressly provides that its injunction remedy is "in addition to and not exclusive of" other remedies for enforcing the internal revenue laws.

53.     Sandiego's activities described above substantially interfere with the enforcement of the internal revenue laws because he prepares and files numerous fraudulent tax returns that resulted in customers not paying their true federal tax liabilities and receiving tax refunds to which they were not entitled.

54.     Sandiego has shown that he should not be allowed to continue to prepare tax returns because he has deliberately played the audit lottery on behalf of his customers. By manipulating the income and expenses on Schedule C and inflating expenses on Schedule A, all items for which there is no independent third-party reporting, Sandiego has selected schemes that the IRS can detect only by auditing returns or interviewing his customers. Because Sandiego knows that the IRS lacks the resources to audit every return that includes these schedules, Sandiego is actively subverting the

American tax system, which relies on taxpayers to self-report their income and expenses fully and accurately.

55.     An injunction prohibiting Sandiego from preparing or assisting in the preparation of tax returns is needed to stop him from preparing and filing fraudulent tax returns and to prohibit him from otherwise interfering with the proper administration and enforcement of the internal revenue laws now and in the future.

56.     If Sandiego is not enjoined, the United States will suffer irreparable harm from the underpayment of taxes and the exhaustion of resources to enforce the internal revenue laws.

57.     The public interest would be advanced by enjoining Sandiego because an injunction will stop his illegal conduct and the harm that conduct is causing the United States Treasury and the public.

58.     An injunction under I.R.C. § 7402 is necessary and appropriate, because the United States has no adequate remedy at law.

### COUNT IV: Disgorgement of Ill-Gotten Gains

59.     The United States incorporates by reference the allegations in paragraphs 1 through 58, above, as though fully set forth herein.

60.     I.R.C. § 7402(a) authorizes the Court to issue orders, judgment, and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.

61.     Defendants' conduct substantially interferes with the enforcement of the internal revenue laws. They have caused the United States to issue tax refunds to individuals not entitled to receive them and have caused the United States to lose tax revenues. But-for Defendants' conduct, the United States would not have issued these incorrect refunds or lost these tax revenues.

62.     Defendants have unjustly profited from their misconduct at the expense of the United

States.

63.    Defendants are not entitled to the ill-gotten gains from their misconduct.

64.    Using its broad authority under § 7402(a), the Court should enter an order requiring

Defendants to disgorge to the United States the receipts (in the form of fees earned by engaging in

fraudulent conduct) they have received for preparing federal tax returns that make grossly

incompetent, negligent, reckless, and/or fraudulent claims.

**WHEREFORE**, the United States of America prays for the following:

A.    That the Court find that Sandiego has repeatedly engaged in conduct subject to penalty

under I.R.C. §§ 6694 and 6695, and in other fraudulent or deceptive conduct that substantially

interferes with the proper administration of the tax laws; that, pursuant to I.R.C. § 7407, an injunction

merely prohibiting conduct subject to penalty under I.R.C. §§ 6694 and 6695, or other fraudulent or

deceptive conduct, would be insufficient to prevent his interference with the proper administration of

the tax laws; and that Defendants should be permanently enjoined from acting as a tax return preparer;

B.    That the Court find that Sandiego has engaged in conduct subject to penalty under

I.R.C. § 6701, and that injunctive relief under I.R.C. § 7408 is appropriate to prevent a recurrence of

that conduct;

C.    That the Court find that Sandiego has interfered with the enforcement of the internal

revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant

to I.R.C. § 7402(a);

D.    That this Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent

injunction enjoining the defendants, their officers, agents, servants, employees, and attorneys, and

anyone in active concert or participation with them, from directly or indirectly:

1.    Preparing or assisting in the preparation of federal tax returns, amended returns,

9

and other related documents and forms for anyone other than himself;

2. Advising, counseling, or instructing anyone about the preparation of a federal tax return;

3. Filing or assisting in the filing of a federal tax return for anyone other than himself;

4. Owning, managing, controlling, working for, or volunteering for a tax-return preparation business;

5. Advertising tax return preparation services through any medium, including the internet and social media;

6. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

7. Representing customers in connection with any matter before the IRS;

8. Employing any person to work as a federal income tax return preparer;

9. Providing office space, equipment, or services for, or in any other way facilitating, the work of any person or entity that is in the business of preparing or filing federal tax returns or other federal tax documents or forms for others or representing persons before the IRS;

10. Referring any customer to a tax preparation firm or a tax return preparer, or otherwise suggesting that a customer use any particular tax preparation firm or tax return preparer; and/or

11. Engaging in any conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

E.     That this Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction enjoining Sandiego, his officers, agents, servants, employees, and attorneys, and anyone in

active concert or participation with his or with them, from directly or indirectly operating a business that prepares federal tax returns;

F.      That the Court enter an order requiring Sandiego to prominently post a copy of its permanent injunction (with dimensions of at least 12 by 24 inches) at the location where the Company conducts business;

G.      That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Sandiego to produce to counsel for the United States, within 30 days of the Court's order, a list that identifies by name, social security number, address, email address, and telephone number and tax period(s) all persons for whom he prepared federal tax returns or claims for a refund, for processing years beginning in 2014 and continuing through this litigation;

H.      That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Sandiego, within 30 days of receiving the Court's order, to contact by U.S. mail and, if an email address is known, by email, all persons for whom he has prepared federal tax returns, amended tax returns, or claims for refund since January 2013, as well as all employees or independent contractors he or the Company has had since January 2013, and to inform them of the permanent injunction entered against him by sending each of them a copy of the order of permanent injunction, with no other enclosures unless approved by the Department of Justice;

I.      That the Court, pursuant to I.R.C. §§ 7402(a), 7407, and 7408, enter an order requiring Sandiego, within 45 days of receiving the Court's order, to file a declaration, signed under penalty of perjury, confirming that he has received a copy of the Court's order and complied with the terms described in paragraphs F and H of this Complaint;

J.      Enter an Order, pursuant to 26 U.S.C. § 7402(a), requiring Defendants to disgorge to the United States the gross receipts (the amount of which is to be determined by the Court) that

Defendants received in the form of fees subtracted from customers' tax refunds for the preparation of

tax refunds that make or report false or fraudulent claims, deductions, credits, income, expenses, or

other information that results in the understatement of taxes; and

K.      That this Court grant the United States such other relief as the Court deems appropriate.

Date: August 27, 2018

UNITED STATES OF AMERICA

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Steven S. Tennyson*
STEVEN S. TENNYSON
Trial Attorney, Tax Division
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0872
Fax: (202) 514-5238
Email: Steven.Tennyson@usdoj.gov